Superior Court
of the

Jan R. Jurden
*President Judge*

New Castle County Courthouse
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0665

March 8, 2016

Christopher S. Marques, Esq.
Department of Justice
State Office Building
820 N. French Street
Wilmington, DE  19801

Edmund D. Lyons, Jr., Esq.
The Lyons Law Firm
1526 Gilpin Avenue
P.O. Box 579
Wilmington, DE  19899

RE:   <u>**State of Delaware v. Scott J. Kuhlman, ID# 1509018073**</u>

Dear Counsel:

This letter follows the suppression hearing held on February 19, 2016.

By way of background, on September 24, 2015, police responded to a call about an unresponsive subject in a truck in a lane of travel on Route 4 near Stanton Liquors.  When the police arrived on the scene, the Defendant was being placed into an ambulance.  The Defendant told the police he had six beers and got drunk.  At Christiana Hospital, Defendant told the police he had six beers, got drunk, and fell asleep in his vehicle.  The police sought and obtained a warrant to draw the Defendant's blood.

At issue is whether the police employed the proper process to obtain the warrant to have the Defendant's blood drawn.[1]

After carefully considering the testimony and arguments presented at the suppression hearing, the Court finds that the police followed the appropriate procedure for obtaining a warrant to have Defendant's blood drawn.[2]  The Court

---

[1] Defendant filed several other motions but withdrew all but this one during the suppression hearing. *See* D.I. 10, 12, 20, 24, 29, 37.

[2] 11 *Del. C.* § 2306 ("The application or complaint for a search warrant shall be in writing, signed by the complainant and verified by oath or affirmation."); *Mason v. State*, 534 A.2d 242 (Del. 1987); *State v. Lambert*, 2015 WL 3897810 (Del. Super. 2015).  Since the suppression

finds no constitutional infirmity in the process.

Consequently, the Motion to Suppress is **DENIED**. Trial remains as scheduled on March 10, 2016.

**IT IS SO ORDERED.**

Very truly yours,

/s/Jan R/ Jurden

Jan R. Jurden
President Judge

JRJ:mls

cc:     Prothonotary

---

hearing, JP Court 11 has located the original warrant that is at issue. D.I. 38. The Court finds Corporal Hom's testimony credible, and is satisfied that the process Corporal Hom testified that he followed to obtain the warrant comports with 11 *Del. C.* § 2306. The Court is satisfied that the application for the warrant was signed prior to the issuance of the warrant. *Contra Lambert*, 2015 WL 3897810, at \*5 ("Here, 11 *Del. C.* § 2306's requirement that the application for the warrant be 'signed by the complainant' was unquestionably not met prior to the issuance of the warrant. An application, in natural order, must precede the granting of an application.").